```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION AT LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Plaintiff, | ) | Criminal Action No. |
| | ) |    5:11-141-JMH |
| v. | ) | |
| | ) | |
| DA'LANCE ROBERTS, | ) | |
| | ) | |
|     Defendant. | ) | **MEMORANDUM OPINION & ORDER** |

        \*\*    \*\*    \*\*    \*\*    \*\*

This matter is before the Court upon Defendant Da'Lance Roberts' Objections to the Pre-Sentence Investigation Report [DE 181]. The United States has filed a Response [DE 181] to those objections. Having carefully considered the Objections and the Response, Defendant Roberts' Objections [DE 181] are **OVERRULED** for the reasons set forth below.

Defendant objects to his designation as a Career Offender within the meaning of U.S.S.G. § 4B1.1 because it is premised, in part, on his 2000 conviction for Wanton Assault, First Degree, in the Commonwealth of Kentucky. He argues that Wanton Assault, First Degree, under Kentucky law is not a crime of violence as contemplated by the application note 1 to § 4B1.2 and case law defining crimes of violence for the purposes of determining who is a Career Offender.

The Guidelines define a "crime of violence" as a felony that (1) "has as an element the use, attempted use, or threatened use of

physical force against the person of another;" or (2) "is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a).

Under the Kentucky law in effect at the time of his 2000 conviction, Da'Lance Roberts could have committed assault, first degree, when "[h]e intentionally cause[d] serious physical injury to another person by means of a deadly weapon or a dangerous instrument" or when, "[u]nder circumstances manifesting extreme indifference to the value of human life[,] he wantonly engage[d] in conduct which create[d] a grave risk of death to another and thereby cause[d] serious physical injury to another person." KRS 508.010(1)(a)-(b). "A person acts wantonly . . . when he is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists." KRS § 501.020(3). "The risk must be of such a nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation." *Id*. Further, "[a] person who creates such a risk but is unaware thereof solely by reason of voluntary intoxication also acts wantonly with respect thereto." *Id*.

In determining whether a conviction qualifies as a "crime of violence," the Court employs a "categorical approach," that is, "looking to the statutory definition of the offense and not the particular facts underlying the conviction." *United States v.*

*Gibbs*, 626 F.3d 344, 352 (6th Cir. 2010) (citing *Taylor v. United States*, 495 U.S. 575, 600 (1990)). "If it is possible to violate the statute in a way that would constitute a crime of violence and in a way that would not, the court may consider the indictment, guilty plea, or similar documents to determine whether they necessarily establish the nature of the prior conviction." *Id*. (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005)).

Looking solely at subsection (a) of the statutory definition of wanton assault, first degree, where one "intentionally causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument," the offence "has as an element the use, attempted use, or threatened use of physical force against the person of another" and would qualifies as a crime of violence.

However, looking to the definition provided in subsection (b)- "[u]nder circumstances manifesting extreme indifference to the value of human life [one] wantonly engages in conduct which creates a grave risk of death to another and thereby causes serious physical injury to another person" – there is not necessarily an "element [of] the use, attempted use, or threatened use of physical force against the person of another." Accordingly, the Court must determine whether a conviction for wanton assault under subsection (b) falls within the residual clause of § 4B1.2(a)(2) – an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another."

Not every crime that presents a serious potential risk of

physical injury falls within the residual clause. *Begay v. United States*, 533 U.S. 137, 142-45 (2008) (drunk driving, while posing a serious potential risk of physical injury, did not fall within residual clause because it was strict liability crime and did not involve purposeful, violent, or aggressive conduct as would the examples). However, because a conviction for wanton assault under subsection (b) has as an element conduct that "creates a grave risk of death to another and thereby causes serious physical injury to another person," it necessarily involves a "serious potential risk of violence" akin to the level of risk associated with the listed crimes of burglary, arson, and extortion.

The Court is guided by the analysis of the Court of Appeals for the Sixth Circuit in *United States v. Meeks*, 664 F.3d 1067 (6th Cir. 2012), in which that court concluded that a conviction for wanton endangerment under Kentucky law, which included as an element conduct that created "a substantial danger of death or serious physical injury," necessarily created "a serious potential risk of violence" and was a "crime of violence." *Id.* at 1068 (quoting KRS §§ 508.060 and 501.020(3)). While wanton assault and wanton endangerment are different crimes under Kentucky statute, engaging in conduct "that creates a grave risk of death to another and thereby causes serious physical injury to another person" is not so distinct from conduct that creates "a substantial danger of death or serious physical injury" as to permit this Court to depart from the rationale set forth in *Meeks*. Rather, this Court

concludes that conduct "that creates a grave risk of death to another and thereby causes serious physical injury to another person" is conduct which creates "a serious potential risk of violence" and qualifies wanton assault, first degree, as a "crime of violence." As with wanton endangerment in *Meeks*, this Court "can conceive of no way to violate the Kentucky first degree wanton [assault] statute in a way that would not present the same level of risk as the listed crimes." *Id*. at 1071.

This the 29th day of March, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge